IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br>     Plaintiff, § <br> § <br> § <br> § <br> § <br> v. § <br> § <br> JAROMEY R. ROBERTS, § <br> BARBARA ROBERTS, § <br> LIBERTY BANK AND TRUST COMPANY § <br> SOUTHLAND REALTY HOLDING CO., LLC.,§ <br> STOCK BUILDING COMPANY, § <br> TRUSTMARK NATIONAL BANK and § <br> TAX EASE FUNDING, LLC § <br>     Defendants. § <br> § | CASE NO. 4:15-cv-03447 |

**DEFENDANTS BARBARA ROBERTS AND SOUTHLAND REALTY HOLDING CO., LLC ANSWER TO UNITED STATES OF AMERICA'S COMPLAINT**

Defendants Barbara Roberts and Southland Realty Holding Co., LLC (hereafter "Southland"), by and through their undersigned counsel, admit, deny and allege as follows:

1.  Admit.

2.  Admit; allege that the United States seeks to recover the liabilities by foreclosure of real and personal property owned by persons other than Jaromey Roberts.

3. and 4. Admit.

5.  Admit. Allege that the interest of Defendant Liberty Bank and Trust Company is superior to that of the Internal Revenue Service in the property in question pursuant to I.R.C. § 6323.

6.  Admit. Allege that Southland is the owner of the property, and the interest of Southland is superior to that of the United States in this property.

7. Deny. Allege that this Defendant has been fully paid for its interest in the property.

8. Admit. Allege that the interest of this Company in this property is superior to that of any party or third party.

9. Deny. Allege that this Defendant has been fully paid by Defendant Southland.

10, 11, and 12. Admit.

13. Admit that Manda Ann failed to pay certain Form 941 taxes for the periods in question, but in all other respects deny.

14. Admit. Allege that Jarmese Morris was also involved in the decision making.

15. Admit.

16. Deny for lack of present information and belief.

17. Admit the first sentence. Deny the second sentence for lack of present information and belief.

18. Admit.

19. Admit the first and third sentences. Deny the remaining allegations for lack of present information and belief.

20. Deny for lack of present information and belief.

21. Admit.

22. Deny.

23. Defendant Barbara Roberts denies for lack of present information and belief. Defendant Southland Realty Holding Co., LLC was not in existence at the time, and thus must deny for lack of present information and belief.

24. Admit, except deny the action was willful.

25. Qualifiedly admit that the Internal Revenue Service made assessments against Defendant Jaromey Roberts pursuant to 26 U.S.C. § 6672 for unpaid withholding and employment taxes for Manda Ann on the assessment dates alleged. Deny the remaining allegations for lack of present information and belief.

26. Deny for lack of present information and belief. Allege that Defendant Mr. Roberts has attempted to resolve his liabilities with the Internal Revenue Service through the Offer in Compromise process provided by 26 U.S.C. § 7122, but the Internal Revenue Service has refused to process and consider those offers, and further allege that the refusal was pursuant to directions from the Department of Justice of the United States of America.

27. – 32. Admit.

33. Admit. Allege that Defendant Southland has at no time been a "Nominee" of Roberts for any liabilities.

34. Admit. Allege that Southland has not been a Nominee of Mr. Roberts at any time.

35. Admit, except deny that Mr. Roberts has an interest in all of the properties listed in the case. Further allege that other persons have an interest in some properties equal or superior to that of Mr. Roberts and the United States.

36. Admit. Allege that this is the homestead of Defendants Jaromey and Barbara Roberts, and that her interest in the property should not be subject to sale to satisfy Mr. Roberts' liabilities.

37. Admit.

38. Admit. Allege that the interest of Defendant Liberty Bank and Trust Company is superior to that of the United States in this property.

39. Admit.

40. Admit. Allege that this judgment has been paid in full and, to the extent it is not paid in full, its interest is superior to that of the United States of America.

41. Admit. Allege that this judgment has been paid in full and, to the extent it is not paid in full, its interest is superior to that of the United States of America.

42. Deny for lack of present information and belief.

43. – 46. Admit.

47. Admit. Allege that CWP was a third party unrelated to Barbara Roberts and Southland.

48. Admit. Allege that Mr. Roberts was authorized to execute the documents on behalf of Southland and its owners. Further allege that Roberts does not have an ownership or other interest in Southland.

49. Admit.

49. Admit.

50. Deny. Allege that the intention at the time was for Southland to acquire the property – such that it was a third party beneficiary of the settlement agreement.

51. Deny. Allege that Southland was the party in interest who paid the consideration to acquire the property from CWP.

52. Admit the first sentence, except deny that Southland was "Roberts' designee" and that the transfer was for either no or inadequate consideration. Deny the second and third sentences. Allege that at the time of the transfer, there was no federal tax lien on the property because it was released pursuant to a settlement which the United States participated following the second Manda Ann bankruptcy.

53. Deny. Allege that Southland is a bona fide purchaser of the Coffee Street property pursuant to I.R.C. § 6322(a). Further allege that Southland acquired the property for

4

adequate consideration and that the federal tax liens of the United States had not attached to the property at the time of the transfer.

54. – 60.  Deny.

61. - 64.  Deny for lack of present information and belief.

65. Qualifiedly admit that Roberts has an interest in the property, but in all other respects deny.  Upon information and belief, the property is in the Estate of Defendant Jaromey Roberts' father, and his sister Jarmese Morris also has an interest in the Estate.

66. Admit.

### FURTHERING ANSWERING THE COMPLAINT, DEFENDANT BARBARA ROBERTS ALLEGES AS FOLLOWS:

67. Defendant Barbara Roberts is not personally liable for any of the liabilities at issue in this case.

68. Defendant Barbara Roberts should not lose her interest in the homestead that she owns with Defendant Jaromey Roberts to satisfy whatever tax liabilities he may have, and her interest in that homestead is superior to whatever interest the Plaintiff may assert in that property.

### FURTHER ANSWERING THE COMPLAINT, DEFENDANT SOUTHLAND ALLEGES AS FOLLOWS:

69. Southland is not a nominee of Defendant Jaromey Roberts.

70. The Coffee Street property was not the subject of a transaction between or among Jaromey Roberts, Southland, or CWP.  In point of fact, it was a transaction between Southland and the third party which had foreclosed on the property.  Upon information and belief, the amount paid to that third party was adequate consideration in light of the equity in the property.

71. The property was not placed in the name of Southland at a time when Defendant Jaromey Roberts could have anticipated litigation or liabilities.  It occurred long after the

liabilities had been assessed against Mr. Roberts, and after Manda Ann had been divested of its interest in the property.

72. Southland acquired the property from an independent third party, and Mr. Roberts is not an owner of Southland.

73. The parties to the transfer did record the conveyance, and all formalities were observed.

74. Neither the independent third party nor Mr. Roberts nor Manda Ann retained possession of the property. In particular, he does not "possess" and did not "retain" it. As it had been property of Manda Ann, he was never the "owner" in any event.

75. Defendant Jaromey Roberts does not enjoy the benefits of the transferred property.

76. The transactions by which Southland acquired the property began with the foreclosure of the property by an independent third party and the sale to Manda Ann, and at all pertinent times United States of America, and specifically counsel for the Plaintiff in this action, were not only aware of it, but may have participated in the negotiations.

77. The Internal Revenue Service, in the form of the Revenue Officer who filed the Notice of Lien, his Manager, the IRS Disclosure Branch that handles Freedom of Information Act Requests, and the Taxpayer Advocate's Office, have all refused to provide information to Defendant Southland with respect to the Internal Revenue Service's contention that it is a nominee of Jaromey Roberts. All such inquiries produced a response that Counsel for Plaintiff was in control of the case and would not allow them to disclose that information.

78. Allege that as part of the process by which the federal tax liens were discharged from the property in the Manda Ann bankruptcy, the United States determined that $140,000 was

the value of its interest in the property.  A larger sum has been expended by Defendant Southland in order to acquire the property.

79. At no time has the Internal Revenue Service issued a revocation of the discharge pursuant to Treas. Reg. § 301.6325-1(f) with respect to the Coffee Street property.

WHEREFORE it is prayed that,

1. The relief sought in the Complaint be denied in all respects.

2. This Court determine that Southland is not a "nominee" of Jaromey Roberts with respect to any of the liabilities at issue in this case.

3. This Court determine that the interest of Defendant Barbara Roberts in the 3230 North MacGregor Way property cannot be sold to satisfy the liabilities of Defendant Jaromey Roberts as part of a foreclosure.

4. That Defendants be granted such other and further relief as the Court deems just and proper, including their costs in defending this action.

/s/ George W. Connelly
GEORGE W. CONNELLY
United States District Court No. 8395
Texas State Bar No. 04683980
CHAMBERLAIN, HRDLICKA, WHITE,
 WILLIAMS & AUGHTRY
1200 Smith Street, Suite 1400
Houston, Texas  77002
George.Connelly@chamberlainlaw.com
(713) 658-1818 (Telephone)
(713) 658-2553 (Facsimile)

ATTORNEY FOR DEFENDANTS BARBARA ROBERTS AND SOUTHLAND REALTY HOLDING CO., INC.

February 2, 2016

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of **DEFENDANTS BARBARA ROBERTS AND SOUTHLAND REALTY HOLDING CO., LLC ANSWER TO UNITED STATES OF AMERICA'S COMPLAINT** has been served upon the following counsel by electronic mail via CM/ECF system and via facsimile as listed below on this 2nd day of February, 2016:

>Herbert W. Linder
>U.S. Department of Justice
>Tax Division
>717 N. Harwood, Suite 400
>Dallas, TX  75242
>Facsimile:  (214) 880-9741
>ATTORNEY FOR UNITED STATES

>and

I HEREBY CERTIFY that a copy of **DEFENDANTS BARBARA ROBERTS AND SOUTHLAND REALTY HOLDING CO., LLC's CERTIFICATE OF INTERESTED PARTIES** has been served upon the following parties by U.S. Mail, on this 2nd day of February, 2016 as listed below:

Jaromey Roberts
3230 North MacGregor Way
Houston, Texas  77004
DEFENDANT

Liberty Bank and Trust Company
Joseph Stevens, Registered Agent
1509 Wentworth
Houston, Texas  77004
DEFENDANT

Stock Building Company
CT Corporation System, Registered Agent
1999 Bryan Street, Suite 900
Dallas, Texas  75201-3136
DEFENDANT

Trustmark National Bank
Donald L. Turbyfill
(Attorneys for Trustmark National Bank)
Devlin, Naylor, & Turbyfill, P.L.L.C.
5120 Woodway, Suite 9000
Houston, TX  77056-1725
DEFENDANT

Tax Ease Funding, LLC
CT Corporation System, Registered Agent
1999 Bryan Street, Suite 900
Dallas, Texas  75201-3136
DEFENDANT

/s/ George W. Connelly
GEORGE W. CONNELLY

2049550_1
150906-000000